UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ROBBIE WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:21-CV-629-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| CITY OF LOUISVILLE *et al.*, ) | **ORDER GRANTING DEFENDANTS'** |
| ) | **MOTION TO DISMISS** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants City of Louisville and Mayor Greg Fischer, by counsel, filed a Motion to Dismiss [R. 4] *pro se* Plaintiff Robbie Washington's Complaint. [R. 1]. In response, Plaintiff filed a Motion "to keep civil summon on docket." [R. 5]. She later filed a Motion "to award Plaintiff Civil law suit against City of Louisville/Greg Fischer." [R. 6]. For the reasons that follow, the Court will grant Defendants' Motion to Dismiss and deny Plaintiff's Motions.

**I.**

Plaintiff filed her Complaint on a Court-approved form, naming the City of Louisville[1] and Mayor Greg Fischer as Defendants. [R. 1]. She checks the federal-question box as the basis for the Court's jurisdiction but leaves blank the section of the form directing a plaintiff to list the specific federal laws and/or provisions of the United States Constitution at issue in this case. *Id.* at 7. As her Statement of Claim, Plaintiff writes that she "is suing the City of Louisville/Mayor

---

[1] The Court recognizes that the City of Louisville merged with Jefferson County to form the Louisville Metro Government. *See Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 14 (Ky. Ct. App. 2009); *St. Matthews Fire Prot. Dist. v. Aubrey*, 304 S.W.3d 56, 60 (Ky. Ct. App. 2009). The Court, however, for the purposes of this decision, will continue to refer to the City of Louisville as the Defendant since that is how Plaintiff refers to it in her Complaint.

Greg Fischer exploilation, exsposure, defamation of character, discrimination, and human trafficking." *Id.* at 4. In the Relief section of the form, Plaintiff asserts, "1,000,000,000 due in damages due to living under survellence by the City of Louisville. These claims fall under the Title VII Act of 1964. This summons is based on one race, sex, and religion." *Id.* at 5.

In their Motion, Defendants seek to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 4]. Defendants assert that Plaintiff generally complains of exploitation, defamation, discrimination, and even human trafficking while providing no specific information as to how the City of Louisville and/or Mayor Fischer are responsible. [R. 4-1, p. 2]. In addition, as to Plaintiff's claim of having been under surveillance, Defendants argue that she provides no information as to what agency or individual within the City of Louisville is alleged to have been surveilling her or the alleged purpose behind such surveillance, and that she further fails to establish through any factual allegations that the alleged surveillance was unlawful or violative of any of her constitutionally protected rights.[2] *Id.* at 2-3.

Plaintiff filed a Motion "to keep civil summon on docket" [R. 5] as her response to Defendants' Motion to Dismiss. Therein, she restates the allegations made in her Complaint but adds, "These allegations reside from a false hospitalization." *Id.* at 2. However, in her subsequently filed Motion "to award Plaintiff Civil law suit against City of Louisville/Greg Fischer," she provides no argument in support. *See* [R. 6].

---

[2] Defendants note that this action is very similar to *Washington v. City of Louisville et al.*, 3:19-CV-454-DJH, a prior case filed by Plaintiff which was dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to meet the pleading requirements of Fed. R. Civ. P. 8(a). [R. 4-1, p. 2]; *see also* 3:19-CV-454-DJH, R. 10; R. 11.

## II.

In deciding a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly,* 550 U.S. at 555). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Conclusory allegations, however, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 681 (citing *Twombly,* 550 U.S. at 554-55); *see also Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) (indicating that conclusory allegations or bare legal conclusions will not suffice as factual allegations).

Upon consideration, even under liberal construction, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under Rule 12(b)(6).

The only federal law Plaintiff cites is Title VII of the Civil Rights Act of 1964. Title VII, however, "prohibits an employer from 'discriminat[ing] against any individual . . . because of such individual's race, color, religion, sex, or national origin.'" *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010) (quoting 42 U.S.C. § 2000e–2(a)(1)). As Plaintiff makes no allegation of an employer-employee relationship, she fails to state a Title VII claim.

Plaintiff's claims of exploitation, exposure, defamation, discrimination, and human trafficking as well as her allegation of "living under surveillance by the City of Louisville" are wholly lacking any factual support, and a complaint that merely offers "'naked assertions' devoid of 'further factual enhancement'" does not satisfy the Federal Rules of Civil Procedure. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Accordingly, the Complaint does not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), warranting dismissal of this action.

### III.

Consequently, **IT IS ORDERED** that:

1. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [R. 4] is **GRANTED**.

2. Plaintiff's Motion "to keep civil summon on docket" [R. 5] and Motion "to award Plaintiff Civil law suit against City of Louisville/Greg Fischer" [R. 6] are **DENIED**.

The Court will enter a separate Order dismissing this action.

This the 16th day of May, 2022.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Counsel of record
A958.005